United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Sharon Castro,
          Debtor.
_____/

Case No. 10-76109-R
Chapter 7

Glynn Davis,
          Plaintiff,

Adv. Pro. No 11-7082
Hon. Steven Rhodes

v.

Sharon Castro,
          Defendant.
_____/

Opinion Regarding Defendant's Motion to Dismiss

This matter is before the court on the defendant's motion to dismiss the plaintiff's complaint to determine a debt to be nondischargeable under 11 U.S.C. § 523(a)(2), (4) and (6). The parties have filed briefs and the Court has decided that a hearing will not aid the Court in its adjudication. For the reasons that follow, the complaint is DISMISSED.

Sharon Castro filed her chapter 7 bankruptcy petition on November 30, 2010. Plaintiff Glynn Davis admits that he was present with Castro at her initial consultation with her bankruptcy attorney and that he was present at the filing of the petition. In fact, Davis paid Castro's attorney and filing fees. The § 341 meeting took place on January 6, 2011. Davis filed this complaint to determine nondischargeability on December 16, 2011, eight months after the first meeting of creditors.

Fed. R. Bankr. P. 4007(c) requires the filing of an adversary proceeding for a determination of nondischargeability under § 523 no later than 60 days after the first date set for the meeting of

creditors. Davis does not dispute that he missed this deadline. However, Davis argues that the deadline should be equitably tolled under the circumstances of the case.

Davis asserts that he and Castro were in a romantic relationship prior to and at the time of her bankruptcy filing. He asserts that prior to the bankruptcy filing he gave Castro the money to start a dental practice and that she told him they were business partners. Castro did not list Davis on her bankruptcy schedules. Further, Davis argues that Castro and her attorney mislead him into believing that the bankruptcy did not apply to the business relationship between the parties, but that it was only a bankruptcy of Castro's personal debts.

The Sixth Circuit has held that the deadlines found in Rule 4007(c) are not jurisdictional in nature, but rather "a statute of limitation-or simply a deadline-that is generally subject to the defenses of waiver, estoppel, and equitable tolling." *Nardei v. Maughan* (*In re Maughan*), 340 F.3d 337, 344 (6th Cir. 2003).

> However, the case law is clear that the Bankruptcy Code and its implementing rules are designed to protect debtors, and to provide them a financial "fresh start" following the discharge of their debts, and that creditors with knowledge of bankruptcy proceedings must affirmatively act to protect their rights. *Walker v. Wilde* (*In re Walker*), 927 F.2d 1138, 1142, 1145 (10th Cir. 1991); *see also Neely v. Murchison*, 815 F.2d 345, 346 (5th Cir. 1987) ("[Departures in the bankruptcy rules] from past practice, as embodied in Rule 4007(c), evince a strong intent that the participants in bankruptcy proceedings be assured that, within the set period of 60 days, they can know which debts are subject to an exception to discharge."); *Woodson v. Tosenberger* (*In re Tosenberger*), 67 B.R. 256, 259 (Bankr. N.D. Ohio 1986) ("The balance has tipped in favor of the fresh start policy and away from the uncertainties of excusable neglect in failing to timely object to discharge of a claim." (citations and internal quotation marks omitted)).

*Five Star Laser, Inc. v. Height* (*In re Height*), 2011 WL 1480265, *6 (E.D. Mich. 2011).

Bankruptcy courts consider five factors when deciding whether to equitably toll the running of the deadline for filing a complaint under Rule 4007(c): "'(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.'" *In re Maughan*, 340 F.3d at 344 (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). *See Diamonds, Inc. v. Yashaya* (*In re Yashaya*), 403 B.R. 278, 286 (Bankr. E.D.N.Y. 2009) ("Equitable tolling is appropriate 'where the plaintiff had been misled or where evidence had been fraudulently concealed,' but not where 'one does not act diligently in protecting his legal rights.'" (quoting *Higgins v. Erickson* (*In re Higgins*), 270 B.R. 147, 158 (Bankr. S.D.N.Y. 2001))). The Supreme Court has said, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse their lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723 (1984).

In a similar case, the Eleventh Circuit held a debtor was entitled to discharge of his debt based on the untimeliness of the creditor's complaint regarding the dischargeability of debts. *Byrd v. Alton* (*In re Alton*), 837 F.2d 457, 459 (11th Cir. 1988). In *Alton*, the creditor never received notice from the bankruptcy court of the creditors' meeting or of the last day to file complaints regarding dischargeability of debts because the debtor never listed him as a creditor on his bankruptcy petition. *Id*. at 458. However, the debtor sent him a copy of the notice of bankruptcy proceedings. The court acknowledged that the debtor's actions, whether inadvertent or intentional, were misleading. *Id*. at 459. The court found, however, that although "it was debtor's own conduct that caused [creditor] to miss the filing deadline," principles of equity did not warrant acceptance of a late-filed complaint. *Id*. at 458. The *Alton* court further observed:

3

> At the outset, we reject Byrd's equities argument. It is true that there are some disturbing aspects to this case. We are particularly troubled that debtor Alton did not include appellant Byrd on the list of creditors made out pursuant to 11 U.S.C. [§ ] 521 and filed with his bankruptcy petition; and yet, some three weeks later, debtor Alton, through his attorneys, sent Byrd notice of the petition for a Chapter 11 reorganization and notice of the automatic stay. Thus, debtor Alton, by his own actions, *first* deprived creditor Byrd of official notice at various stages of the proceedings pursuant to the Bankruptcy Code by omitting Byrd from the creditor list; and Alton *then* put Byrd on actual notice that a proceeding was pending by mailing the notice of the proceeding and of the stay. The actual notice deprived Byrd of making any later claim of nondischargeability of his claim on the ground of lack of knowledge. *See* 11 U.S.C. [§ ] 523(a)(3)(B). At the same time, the actual notice from the debtor might well have led creditor Byrd to believe that debtor Alton recognized Byrd as a creditor and had probably named Byrd on the creditor list in the bankruptcy proceeding as required by the Bankruptcy Code. Debtor Alton's actual notice to Byrd thus could have induced creditor Byrd to believe that Byrd would receive the normal notices from the court of the dates for the creditors' meeting and the bar date for filing a complaint regarding the dischargeability of debts.

*Id*. at 458–59 (emphasis in original). Despite the debtor's conduct, the court held, "the time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on creditor Byrd to follow the case and to take the timely action necessary to pursue his claim." *Id*. at 459.

Similarly, in the present case, Davis argues that he did not receive actual notice of the bar date for filing a § 523 action because he was not listed as a creditor in Castro's bankruptcy case. Davis also argues that Castro and her attorney affirmatively mislead him into believing that his business relationship with Castro was not impacted by Castro's bankruptcy proceeding. While the Court finds Castro and her attorney's behavior troubling, if true, the Court is also troubled by Davis' complete lack of diligence. Davis had actual knowledge of the bankruptcy from its inception.

4

However, he did nothing to protect his rights. He did not consult his own attorney to verify what Castro or her attorney had discussed with him. Because he had actual notice of the bankruptcy, Davis is not entitled to equitable tolling of the deadline.

Accordingly, the Court holds that Davis's complaint is not timely. Therefore, Castro's motion to dismiss is GRANTED. The complaint is DISMISSED.

Not for Publication

**Signed on April 09, 2012**

                                                     /s/ Steven Rhodes
                                             **Steven Rhodes**
                                             **United States Bankruptcy Judge**